IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>CHRISTOPHER ROBERTSON | Criminal Action No.<br>1:25-MJ-0784 |

### GOVERNMENT'S MOTION FOR DETENTION

The United States of America, by counsel, Theodore S. Hertzberg, United States Attorney, and Bret R. Hobson and Brent Alan Gray, Assistant United States Attorneys for the Northern District of Georgia, moves for detention under 18 U.S.C. §§ 3142(e) and (f).

### **Background**

The defendant has posted numerous threatening videos online, including one on July 24, 2025, in which he sang,

> F*** the Jews. F*** you if you Jewish. Hey, said f*** the Jews, f*** you if you Jewish. Hey, one shot, two shot, leave you in the sewage. . . . This is not Israel. Jews don't have no protection. F*** the Jews, and f*** you if you Jewish, b****. Hey, f*** the Jews, f*** you if you Jewish. Hey, one shot, two shot, three shot, leave you in the sewage. F*** the Jews, f*** you if you Jewish.

In another video he posted the following day, the defendant suggested he had the right to murder Jewish people based on his religiously based hatred of them. Three days later, on July 28, 2025, the defendant posted a video in which he brandished a black pistol while expressing his outrage about the supposed "cultural genocide of the white man." Printed over the video was the following:

"I will not tolerate cultural genocide get that understood I will fight for it.  I will die for it.  I will kill for it."



The following day, July 29, 2025, the defendant posted several more videos. In one, he stated, "The white man is pissed with the Jew.  We want to put you back in the ovens. . . . If you're against the white man, you need to die."  In another, he declared that that Jews who don't turn against other Jews who are supposedly against the white man "must be put down like a rabid godd*** dog that you are and put back in the ovens as far as I'm concerned."  Finally, he posted another in which he stated that he was going to the Jewish Federation of Atlanta the following day as a "official delegate of the white race prewar" to give

2

Jewish people their only chance to officially recant their opposition to the white race before "we will put them right back in the ovens."

The following day, the defendant did in fact show up at the Jewish Federation of Greater Atlanta (JFGA) and entered a secure area without permission. JFGA staff members notified Secure Community Network (SCN) staff located in the building. SCN staff escorted the defendant from the premises. Shortly thereafter, the defendant appeared at The Temple, a Jewish synagogue in Atlanta. Security staff at the Temple escorted the defendant from the property.

Following these two encounters with the defendant, SCN staff conducted open-source research and discovered the defendant's numerous vitriolic social media posts, some of which threatened violence. SCN staff thereafter notified the FBI and sent an alert to numerous Jewish institutions in Atlanta, warning them to be on the lookout for the defendant.

The next day, July 31, 2025, the defendant appeared at a Chabad center in Tyrone, Georgia. The Chabad's rabbi locked down the facility and called 911. After law enforcement arrived, the rabbi spoke with the defendant while staff remained barricaded within the office. The defendant posted a video of his exchange with the rabbi. During the conversation, the defendant identified himself as the "official delegate of the white race" and angrily warned the rabbi, "You're on the verge of extermination. I am here giving you a chance to tell the truth to the people and you're lying!" The rabbi asked the defendant to calm down on several occasions. Eventually, the defendant said, "You kick me out when you feel scared," and the rabbi responded, "Out, now." Law enforcement

then escorted the defendant out of the building, gave him a criminal trespass warning, and released him.

The following day, August 1, 2025, the defendant posted yet another video. In the video, the defendant threatened Black people who "lash out openly at the white man," stating, "We will kill the s*** out of you guys. . . . We will f***ing murder you." Printed over the video was, "This is our country. You are a guest."



Later that evening, this Court issued a federal arrest warrant for the defendant. When the FBI went to execute the arrest warrant, the defendant barricaded himself in his house for hours. After posting multiple videos online

4

during the standoff, the defendant eventually surrendered.  Agents recovered a firearm from the defendant's residence.

## Discussion

**1.    Eligibility of Case**

This case is eligible for a detention order because this case involves:

A crime of violence (18 U.S.C. § 3156);

A serious risk that the defendant will flee;

A serious risk that the defendant will obstruct or attempt to obstruct justice; and/or

A serious risk that the defendant will threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

**2.    Reason for Detention**

The Court should detain defendant because there are no conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

Turning to the factors that this Court must consider under 18 U.S.C. § 3142(g): *First*, the nature and circumstances of the offense charged are very serious, and the offense is a crime of violence.  *Second*, because the defendant posted his threats on publicly available sites, the weight of the evidence against him is exceptionally strong.  *Third*, the defendant's character, mental condition, admitted drug use, and criminal history involving drug use and a prior threat counsel in favor of detention.  *Fourth*, the defendant's escalating violent rhetoric, brandishing of a weapon, and attempts to physically confront Jewish individuals demonstrate the serious danger he poses to the community if released.

### 3.  Rebuttable Presumption

The United States will not invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community pursuant to 18 U.S.C. § 3142(e)(3).

The United States will not invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2).

### 4.  Time for Detention Hearing

The United States requests the Court conduct the detention hearing at initial appearance.

The United States requests leave of Court to supplement this motion with additional grounds or presumptions for detention.

Dated: August 4, 2025.

Richard Russell Federal Building
75 Ted Turner Drive S.W., Suite 600
Atlanta, Georgia 30303-3309
Phone: (404) 581-6000
Fax: (404) 581-6181

Respectfully submitted,

THEODORE S. HERTZBERG
United States Attorney

BRET R. HOBSON
Assistant U.S. Attorney
Ga. Bar No. 881520
BRENT ALAN GRAY
Assistant U.S. Attorney
Ga. Bar No. 155089

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's cm/ecf system, which automatically notifies the parties and counsel of record, and by handing a copy to defense counsel:

        Defense Counsel

August 4, 2025

        /s/ BRET R. HOBSON
        BRET R. HOBSON
        Assistant U.S. Attorney